UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HENRY VERNON WALLACE, | ) | |
| Petitioner, | ) | CV-N-99-0351-PMP-RAM |
| vs. | ) | |
| | ) | ORDER |
| JOHN IGNACIO, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The petitioner, Henry Vernon Wallace, is serving a sentence of life in prison with the possibility of parole, upon a conviction in Nevada's Second Judicial District Court. Exhibit 10.[1] The matter is before the Court on petitioner's request that the Court reconsider its exhaustion findings as to Grounds 3 and 5 of the petition.

The Court previously found that Grounds 2, 3 and 5 of the amended petition were unexhausted upon respondents' Renewed Motion to Dismiss. Petitioner was granted the option of abandoning these claims and proceeding or having his petition dismissed without prejudice and without judgment to return to state court. Petitioner argues that all grounds of the petition are

---

[1] The Exhibits cited in this order were submitted in support of the amended petition for writ of habeas corpus and are in the court's record at docket # 27. Respondents have also filed exhibits in support of their motion to dismiss. Those exhibits, when cited in this order, shall be designated as Exhibit R- #___. Finally, exhibits have been entered into evidence following the evidentiary hearing held to determine the question of equitable tolling. Those Exhibits shall be designated as Exhibit EH- #___.

exhausted, but if the Court is willing to revisit the issue as to Grounds 3 and 5, petitioner will abandon Ground 2.

Petitioner seeks review and reconsideration of the previous finding, arguing that he is entitled to habeas relief based on the results of the previously held evidentiary hearing, and because the Court's findings are incorrect.

Depending on the nature of the case or issue and on the level or levels of the courts or courts involved, a court may have discretion to reopen a previously resolved question under one or more of the following circumstances:

(1) the first decision was clearly erroneous;
(2) an intervening change in the law has occurred;
(3) the evidence on remand is substantially different;
(4) other changed circumstances exist;
(5) a manifest injustice would otherwise result.

*Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). Moreover, so long as the court retains jurisdiction over the matter, it can reconsider, rescind, or modify an interlocutory order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). Further, the Federal Rules of Civil Procedure, Rule 60(b) permits review and reversal of a previously entered order for "(6) any [ ] reason justifying relief from the operation of the judgment." Fed. R. Civ. Pro. 60(b).

Having reviewed the argument of the parties, the Court agrees to reconsider the matter of the finding that Grounds 3 and 5 of the petition are unexhausted and finds that Ground 3 has been properly and fairly presented to the state courts for their consideration and review. However, the Court does not find that Ground 5 was properly presented to the state courts as a federal constitutional claim.

Exhaustion of state-court remedies is a prerequisite to a federal court's consideration of a petition for a writ of habeas corpus. 28 U.S.C. §2254(b). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S.

1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  The mere similarity of claims of state and federal error is insufficient to establish exhaustion.  *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000), and "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

        Alternatively, the Ninth Circuit Court of Appeals has found that state remedies may be exhausted by citation to state case law "analyzing a federal constitutional issue." *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

        Ground 3 is deemed exhausted and sufficiently identified to the state courts as a federal claim through the leniency allowed because of petitioner's *pro se* status in state court, *Sanders v. Ryder,* 342 F.3d 991, 999 (9th Cir. 2003), and because Ground 3 attacks the voluntariness of the plea due to counsel's ineffective assistance - a claim which had already been presented as a federalized claim in Grounds 1 and 2 of the original state petition for writ of habeas corpus.  *See, Hill v. Lockhart* 474 U.S. 52, 56-57 (1985)("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)).

        Ground 5 does not fare so well.  In state court, petitioner presented two well-versed and specific claims of ineffective assistance of counsel, citing the Sixth and Fourteenth Amendments to the United States Constitution.  He then filed a supplemental petition.  The supplemental petition alleged petitioner's plea was "constitutionally infirm" or "involuntary," that his sentence was

1  "illegal," and that the plea agreement was "constitutionally invalid."  *See* Supplemental Grounds to
2  Habeas Corpus Petition (While Awaiting Court-appointed Counsel), Exhibit 19.
3         Even combining supplemental grounds 3, 7, and 11 of petitioner's state habeas corpus
4  petition, petitioner did not sufficiently federalize his claim that the plea canvass was inadequate.  His
5  claims in state court did not identify the particular federal law of constitutional right that was
6  violated, as required by *Lyons v. Crawford*, *supra.,* and they clearly do not cite to any case law
7  analyzing the particular violation as required by *Peterson v. Lambert, supra.*  The Court finds that
8  Ground 5 is unexhausted.
9         **IT IS THEREFORE ORDERED** that petitioner's Response to Order (docket #112)
10 construed as a Motion for Reconsideration, is **GRANTED IN PART AND DENIED IN PART**.
11 The Motion granted with respect to petitioner's Ground 3, which the Court finds to be exhausted.
12 The Motion is denied with respect to petitioner's Ground 5, which the Court again concludes is
13 unexhausted.
14         **IT IS FURTHER ORDERED** that petitioner shall have twenty (20) days from the
15 date of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration,
16 signed by petitioner himself, that he wishes to formally and forever abandon the grounds for relief
17 set out in Grounds 2, and 5 of his petition, and proceed only on the remaining grounds for relief
18 (Grounds 1, 3 and 4), or (2) inform the Court of his desire to return to state court to exhaust,
19 providing argument showing good cause for his failure to exhaust as required by *Rhines v. Weber,*
20 ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005).
21         **IT IS FURTHER ORDERED** that if petitioner does not respond to this Order in a
22 timely manner, the Court may dismiss his action without prejudice.
23         **IT IS FURTHER ORDERED** that if petitioner elects to abandon Grounds 2 and 5 of
24 his petition and proceed on the remaining grounds for relief (Grounds 1, 3, and 4), respondents shall
25 file an **answer** to the remaining grounds for relief (Grounds 1, 3, and 4) within thirty (30) days after
26

1  petitioner serves his declaration abandoning Grounds 2, and 5.  Petitioner shall have twenty (20)
2  days following service of respondents' answer to file a reply.
3
4  DATED:  December 23, 2005
5
6
7  _____
   PHILIP M. PRO
8     Chief United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26